UNITED STATES DISTICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES BLISSETT, individually, and on behalf
of all others similarly situated as class
representative,

                 Plaintiff,

   -against-

LANDAUER METROPOLITAN, INC.,

               Defendant.
------------------------------------------------------------X

SUMMONS ISSUED

CV 12-3647

___ CV _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff James Blissett, individually, and on behalf of all others similarly situated as class representative, by his attorney, the Law Offices of Steven I. Locke PC, alleges and complains as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, who works for Defendant as a respiratory therapist, complains on behalf of himself and other current and former employees, pursuant to the Fair Labor Standards Act, ("FLSA" or the "Act") 29 U.S.C. §§ 201, *et seq.* and the New York Minimum Wage Act, Article 19 of the Labor Law of the State of New York ("Labor Law" or "NYMWA"), that he performed work for Defendant for which he did not receive overtime premium pay, and that he never received proper notice of his rights to overtime pay under the New York Wage Theft Prevention Act ("NYWTPA").

2. Plaintiff brings this lawsuit on behalf of himself and similarly situated persons who elect to opt into this action as a collective action pursuant to 29 U.S.C. § 216(b), and who at any time during the past three years and up until the date of entry of judgment in this

action, are or were, employed by Defendant as respiratory therapists and worked in that capacity at Defendant's instance, request, or allowance more than 40 hours per week but were not paid time and one-half for those excess overtime hours as required by the Act.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because Plaintiff performed labor and services for Defendant in this judicial district, *i.e.*, a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the Eastern District of New York.

## THE PARTIES

5. Plaintiff is a natural person, currently residing in Suffolk County. At all times relevant to these proceedings, Plaintiff was employed by Defendant as a respiratory therapist.

6. Defendant Landauer Metropolitan, Inc. ("LMI") is a corporation organized and existing under the laws of the State of New York with offices in both Westchester and Nassau Counties. LMI and its related companies are in the business of providing respiratory, DME, enteral and mobility products and services for over 240,000 patients in the northeastern and mid-Atlantic United States.

## COLLECTIVE ACTION ALLEGATIONS

7. Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or

were employed by Defendant as respiratory therapists at any time between July 24, 2009 and the present within the meaning of 29 U.S.C. § 203(e)(1). The members of the class are similarly situated because they all have or had substantially similar job requirements and pay provisions and were subjected by Defendant to a common practice, policy or plan that required or permitted them to work more than 40 hours per week as respiratory therapists without receiving the overtime compensation required by the FLSA.

8. Defendant is liable under the FLSA for, among other things, failing to compensate Plaintiff properly. Upon information and belief, there are others similarly situated current and former employees of Defendant who worked as respiratory therapists, and who have also not been properly paid in violation of the FLSA and would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to Defendant, are readily identifiable, and can be located through the use of Defendant's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

9. Plaintiff requests that he be permitted to serve as the representative of any and all similarly situated respiratory therapists who consent to participate in this action, and pursuant to 29 U.S.C. § 216(b), that this lawsuit be granted collective action status.

10. Neither Plaintiff, nor the other class members are exempt from the FLSA's overtime requirements.

11. In an opinion letter issued by the United States Department of Labor ("DOL") dated July 24, 2006, the DOL has concluded that respiratory therapists are not exempt from the overtime requirements of the FLSA.

12. Pursuant to 29 U.S.C. § 216(b), Plaintiff has executed and filed with the Court his consent to be a party plaintiff in this case. A copy of this consent is attached to this Complaint. In the event similarly-situated plaintiffs seek to join this action, then Plaintiff's counsel will cause their consents to be filed with the Court.

## FACTUAL ALLEGATIONS

13. Plaintiff commenced his employment with Defendant on or about October 3, 2011 as a respiratory therapist.

14. Plaintiff is and was at all times relevant to these proceedings, engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that he worked as a respiratory therapist for Defendant's business.

15. Defendant was at all times relevant to these proceedings and still is in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

16. Upon information and belief, Defendant, in combination with persons performing related activities for a common business purpose, constitute an enterprise whose annual gross volume of sales made or business done is not less than $500,000 exclusive of sales taxes.

17. Defendant is an employer within the meaning of the FLSA and the Labor Law.

18. Plaintiff, and each class member, regularly work and have worked more than 40 hours in each workweek for Defendant as a respiratory therapist. However, Plaintiff and each class member are and were not paid overtime premium pay for all hours worked in excess of 40 hours in a workweek.

19. Plaintiff's and each class member's duties as respiratory therapists required them to set up, in a hospital or client's home, new medical equipment prescribed by a physician and ordered from Defendant, and to exchange and set up new medical equipment for allegedly defective equipment obtained from Defendant. Examples of such equipment include ventilators, bipaps, cpaps, pulse oximeters, apnea monitors, oxygen concentrators and aerosol delivery systems. This work is all offsite from Defendant's offices and requires travel, as well as the preparation and submitting of reports often done in the evenings from home.

20. Plaintiff typically works five shifts each week. Each shift is from 8:30 am to 5:30 pm. Although Plaintiff and other members of the class are allotted a lunch break, these lunch breaks do not occur and Defendant knows this. Because the therapists spend all day traveling from client to client, there is no time to stop for a meal break and the therapists wind up working nine hours each shift.

21. In addition, Plaintiff and the other respiratory therapists must, as set forth above, complete certain reports each day, which they typically do each evening after their shift ends. On average, Plaintiff and the other class members spend an hour each day engaged in this and similar post-shift work-related activities.

22. Upon information and belief, Plaintiff's hours worked, and the hours worked by the other class members, are recorded by a program known as "Field Force Manager." The records maintained in Field Force Manager are in Defendant's exclusive possession and so it is not clear whether they are accurate at this time.

23. On average, Plaintiff and the other class members work ten hours of overtime (meaning hours above 40) each week.

24. Plaintiff and the other class members are not paid any overtime premiums for hours worked over 40 in a workweek.

25. Prior to the commencement of Plaintiff's employment there was no discussion with Plaintiff that he would be expected to regularly work more than 40 hours each week separate and apart from the on call work described below. Upon information and belief, there was no discussion between Defendant and the other class members concerning an expectation that they work more than 40 hours per week separate and apart from the on call work described below.

26. In addition to the overtime work described above, Plaintiff and the other class members are placed on call every three weeks for a week at time, meaning that they are available after business hours all night to address issues that can vary in nature and require anything from a ten minute phone call to trouble shoot an issue to three hours of travel and on-site work. In addition, when on call, the respiratory therapists may have appointments to set up equipment for new clients and respond to emails. For each week on call, the respiratory therapist is paid $245 plus $60 per patient visit plus expenses.

27. The time spent on call is separate and apart from the overtime work performed by Plaintiff and the other class members during meal times and after the conclusion of their shifts.

28. On or about March 4, 2012 and March 27, 2012, Plaintiff contacted Defendant's Director of Human Resources Dawn Short by email to request that he be paid overtime. Ms. Short did not respond to either email.

29. On or about May 7, 2012, Plaintiff emailed his supervisor Rick Rogers and asked to be paid overtime. Mr. Rogers responded that he would look into it.

30. On or about July 10, 2012, Mr. Rogers advised Plaintiff that Defendant had declined to pay him overtime because he was "already paid highly enough."

## FIRST CAUSE OF ACTION

31. Plaintiff incorporates by reference the allegations above as if fully set forth herein.

32. At all relevant times, Defendant has been an employer engaged in commerce and/or production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a). As such, Defendant was required to pay directly to Plaintiff and persons similarly situated premium pay for all hours worked in excess of 40 per workweek.

33. Defendant failed to pay Plaintiff and persons similarly situated the overtime pay to which they are entitled under the FLSA.

34. As a result of Defendant's violations of the FLSA, Plaintiff and persons similarly situated have suffered damages by being denied overtime premium pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

35. Plaintiff incorporates by reference the allegations above as if fully set forth herein.

36. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Consequently, Defendants have acted willfully, and a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

### THIRD CAUSE OF ACTION

37. Plaintiff incorporates by reference the allegations above as if fully set forth herein.

38. Plaintiff has not been paid overtime for all hours in excess of forty per workweek as required by the NYMWA, as amended, N.Y. Labor Law §§ 650, *et seq*.

39. Plaintiff is accordingly entitled to back pay, prejudgment interest and attorneys' fees under the NYMWA.

### FOURTH CAUSE OF ACTION

40. Plaintiff incorporates by reference the allegations above as if fully set forth herein.

41. Defendant's failure to pay overtime premium pay to Plaintiff as required by the NYMWA, as amended, N.Y. Labor Law §§ 650, *et seq*., was willful.

42. Accordingly, Plaintiff is entitled to liquidated damages under the Labor Law.

### FIFTH CAUSE OF ACTION

43. Plaintiff incorporates by reference the allegations above as if fully set forth herein.

44. In addition to the violations above, Defendant has failed to provide Plaintiff with the required notice under the New York Wage Theft Prevention Act.

45. Accordingly, Plaintiff is entitled to those remedies contemplated by the NYWTPA in addition to the remedies provided for in the NYMWA and alleged above.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order:

i. Certifying this action as collective action under 29 U.S.C. § 216(b) and designating Plaintiff the representative of all those similarly situated to him;

ii. Authorizing Plaintiff to give notice of the collective action, or the Court give notice itself of the collective action, to all persons who at any time during the three years preceding the filing of this lawsuit up through and including the date that the Court authorizes issuance of the court-supervised notice, have been employed by Defendant as respiratory therapists. Such notice should inform those current and/or former employees of Defendant who are similarly situated to Plaintiff that this lawsuit has been filed, the nature of the suit, and of their right to join the lawsuit if they believe that they were denied overtime wages;

iii. Awarding Plaintiff and those similarly situated to him actual damages for their unpaid overtime wages, plus an additional, equal amount as liquidated damages, plus pre- and post-judgment interest at the statutory rate, plus attorneys' fees, costs and disbursements as provided for by 29 U.S.C. §216(b);

iv. Awarding Plaintiff all damages available under the NYMWA and NYWTPA including backpay for unpaid overtime wages, liquidated damages, statutory damages, costs, interest and attorneys' fees;

v. Awarding Plaintiff and all those similarly situated to him any further legal and equitable relief that the Court deems just, necessary and proper.

## JURY DEMAND

Plaintiff respectfully demands a jury trial in this matter.

Dated: New York, New York
July 24, 2012

Respectfully submitted,

LAW OFFICES OF STEVEN I. LOCKE PC

By: _____
Steven I. Locke (SL 4859)

570 Lexington Avenue, 7th Floor
New York, New York 10022
(646) 606-3270

*Attorney for Plaintiff*

UNITED STATES DISTICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMES BLISSETT, individually, and on behalf
of all others similarly situated as class
representative,

                                      Plaintiff,

   -against-                                                   ___ CV _____

LANDAUER METROPOLITAN, INC.,

                                     Defendant.
-----------------------------------------------------------------X

## **CONSENT TO JOIN LAWSUIT AS PARTY PLAINTIFF**

James Blissett, states the following:

      1.     I am over the age of 18 and I am competent to give me consent to join the above-entitled action.

      2.     Pursuant to 29 U.S.C. § 216(b), I hereby give my consent to join the above-entitled action as a party plaintiff.

      3.     I do not believe that Defendant has properly compensated me for all of the compensable work that I have done on Defendant's behalf during my employment with Defendant, including overtime hours.

      4.     As a plaintiff, I understand and agree that I am to be bound by any settlement of this case or by any adjudication of this case by the Court.

      5.     I understand that this lawsuit is being brought as a collective action that will include me and may include several other current or former employees of Landauer Metropolitan, Inc. I consent to joining the collective action and to be included as a plaintiff in this lawsuit.

I swear or affirm that the foregoing statements are true to the best of my knowledge, information and belief, this 20 day of July 2012.

James Blissett

2